MAYER BROWN LLP
ROBERT C. DOUBLE III (SBN 301637)
rdouble@mayerbrown.com
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

MICHAEL BORNHORST (*pro hac vice* to be filed)
mbornhorst@mayerbrown.com
71 South Wacker Dr.
Chicago, Illinois, 60606
Telephone: (312) 782-0600
Facsimile: (312) 706-9302

*Attorneys for Defendant
Citibank, N.A.*

WOLFE & WYMAN LLP
JESSICA B. COFFIELD (SBN 274122)
jbcoffield@ww.law
980 9th Street, Suite 1750
Sacramento, California 95814
Telephone: (916) 912-4700
Facsimile: (916) 475-9203

*Attorneys for Defendant
Cenlar FSB (erroneously named as Cenlar Capital
Corporation)*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DUNG BUI,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CENLAR CAPITAL CORPORATION; CITIBANK, N.A.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:23-cv-1779<br><br>**NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332 and 1446, Defendants Citibank, N.A. ("Citibank") and Cenlar FSB (erroneously named as Cenlar Capital Corporation) ("Cenlar") (together "Defendants") hereby give notice of the removal of the above-captioned case from the Superior Court of the State of California, Santa Clara County, Downtown Superior Court, to the United States District Court for the Northern District of California, San Jose Division. Defendants provide the following "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

## I.    INTRODUCTION

1. On March 1, 2023, Plaintiff Dung Bui ("Plaintiff") filed the present lawsuit against Defendants in the Superior Court of California, Santa Clara County, Downtown Superior Court, in the case captioned *Bui v. Cenlar Capital Corporation, et al.*, Case No. 23CV412141 (the "State Court Action"). The Complaint filed in the State Court Action is attached as **Exhibit 1**.

2. On March 14, 2023, Plaintiff separately served the Complaint on Cenlar, and Citibank via their registered agents for service of process.

3. In the Complaint, Plaintiff alleges, among other things, that: Defendants improperly initiated foreclosure activity on Plaintiff's Property without first providing Plaintiff with an opportunity to seek a modification of his mortgage loan (Compl. ¶¶ 16-18), challenges Defendants' legal authority to initiate foreclosure proceedings in connection with the Property (*id*. ¶¶ 21-28), and seeks to overturn the Trustee's Sale of the Property that is the subject of this litigation (*id*. ¶¶ 60-63).

4. Against Defendants, Plaintiff alleges seven claims: (1) violation of Cal. Civ. Code § 2923.5; (2) violation of Cal. Civ. Code § 2924(a)(1); (3) violation of Cal. Civ. Code § 2924.9; (4) negligence; (5) wrongful foreclosure; (6) violation of the

California Unfair Competition Law ("UCL"); and (7) cancellation of instruments under Cal. Civ. Code § 3412 (Compl. ¶¶ 16-63).

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

7. This Court also has diversity jurisdiction under 28 U.S.C. § 1332.

8. Defendants have not made general appearances in the State Court Action and have not waived any jurisdictional issues in that proceeding. Moreover, Defendants intend no admission of liability by this notice and expressly reserve all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiff's pleadings.

**II. This Court Has Federal Question Jurisdiction Over Count 4, And Can Exercise Supplemental Jurisdiction Over Plaintiff's Related State Law Claims.**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides federal courts with the authority to hear "all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Here, Plaintiff alleges that Defendants violated the Truth In Lending Act ("TILA"), 15 U.S.C. § 1640, *et seq*. Compl. ¶¶ 15, 34(g). Although Plaintiff does not allege a stand-alone TILA claim, Plaintiff's negligence claim, Count 4, alleges that Defendants purportedly breached a duty of care they owed to Plaintiff by violating the TILA. Compl. ¶¶ 34-35. Thus, whether or not the TILA was violated is a necessary element of Plaintiff's negligence theory and, as such, that claim involves a stated federal issue that is actually disputed, is substantial to Plaintiff's claim, and can be adjudicated in this Court without disturbing any Congressionally approved balance of state and federal judicial responsibilities. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

10. This Court has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(a), which covers "all other claims that are so

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

11. Accordingly, this Court has federal question jurisdiction to preside over this action.

### III. This Court Also Has Diversity Jurisdiction, As There Is Complete Diversity Among The Parties And The Amount In Controversy Exceeds $75,000.

12. In addition to the federal question jurisdiction, this Court also has diversity jurisdiction over this matter.

#### A. There is complete diversity between the parties.

13. Plaintiff is a citizen of California, residing in San Jose, California. *See* Comp. ¶ 1.

14. Citibank is a national bank with its head office in South Dakota.[1] Thus, for purposes of diversity jurisdiction, Citibank is a citizen of South Dakota. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (for purposes of diversity jurisdiction, a national bank is a citizen of the state in which its main office is located); *Rouse v. Wachovia Mortg.*, *FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (same).

15. Cenlar is a federal savings bank that is chartered in New Jersey, and its principal place of business is located in New Jersey. *See* Compl. ¶ 2. Accordingly, it is a citizen of New Jersey for purposes of the diversity analysis.

16. Thus, Plaintiff and both Defendants are citizens of different states, and therefore complete diversity of citizenship is established.

#### B. The amount in controversy exceeds $75,000.

17. Plaintiff alleges that there is "approximately $75,000" in controversy. Comp. ¶ 9. But on the face of the pleadings, the amount in controversy is well above that. The Complaint seeks to void the Trustee's Sale of the Property underlying to

---

[1] Citibank's publicly filed Articles of Association states that its "Head Office shall be in the City of Sioux Falls, South Dakota." *Available at*: https://www.sec.gov/Archives/edgar/data/314590/000104746918006089/a2236633zex-25_1.htm.

this litigation. *Id*. ¶¶ 60-63. At the Trustee's Sale, the Property sold for $531,000. Thus, Plaintiff seeks to unwind this sale, putting this amount in controversy. In addition, in the Prayer for Relief, Plaintiff demands, among other things, at least $50,000 for the alleged violation of the California Homeowner's Bill of Rights, Cal. Civ. Code § 2924.12(b), as well as attorney's fees under HBOR. *Id*. Assuming an attorneys' fees award of one-third of Plaintiff's requested $50,000 recovery, this would be $16,500. *See Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interests and costs' and therefore includes attorneys' fees."). Thus, based on the pleadings alone, the amount in controversy is more than $597,500, which is well over the $75,000 threshold.

18. Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied.

## IV. PROCEDURAL COMPLIANCE

19. **Venue Is Proper.** Plaintiff filed this action in the California Superior Court, Santa Clara County. Therefore, venue is proper in the United States District Court for the Northern District of California, San Jose Division, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also id*. § 84(c)(3).

20. **Removal Is Timely.** Plaintiff first filed the Complaint in the State Court Action on March 1, 2023. Plaintiff served the Complaint on Defendants on March 14, 2023. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1) (notice of removal "shall be filed within 30 days after the receipt by defendant, through service or otherwise" of the complaint).

21. Exhibit 1 to this Notice of Removal contains the "process, pleadings, and orders" that have been provided to Defendants. 28 U.S.C. § 1446(a).

22. **Notice to Plaintiff And State Court.** As required by 28 U.S.C. § 1446(d), Defendants promptly will file a copy of this Notice of Removal with the

1  Clerk of the California Superior Court, Santa Clara County, Downtown Superior
2  Court, and serve copies of the same on all parties to this action.

＊ ＊ ＊

WHEREFORE, Defendants Citibank, N.A. and Cenlar FSB respectfully request that their Notice of Removal be deemed good and sufficient and for this Court to exercise subject matter jurisdiction over this removed action.

Dated: April 12, 2023

Respectfully submitted,

MAYER BROWN LLP

By:  */s/ Robert C. Double III*
     Robert C. Double III

Attorneys for Defendant
Citibank, N.A.

WOLFE & WYMAN LLP

By:  */s/ Jessica B. Coffield*
     Jessica B. Coffield

Attorneys for Defendant
Cenlar FSB

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I, Robert C. Double, III, attest under penalty of perjury that concurrence in the filing of the document has been obtained from all of the signatories.

Dated: April 12, 2023

*/s/ Robert C. Double III*
Robert C. Double III